# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA GENERAL INDEMNITY COMPANY, USAA CASUALTY INSURANCE COMPANY, and GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, | § § § § § § § § § | No. 325, 2020 |
| Defendants Below, Appellants, | § § | Court Below–Superior Court of the State of Delaware |
| v. | § § | C.A. No. N18C-01-253 |
| SPINE CARE DELAWARE, LLC, | § § | |
| Plaintiff Below, Appellee. | § § § | |

Submitted: September 24, 2020
Decided: October 5, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN,** Justices.

## **ORDER**

After careful consideration of the notice of interlocutory appeal and its exhibits, it appears to the Court that:

(1)    Plaintiff Spine Care Delaware, LLC ("Spine Care") filed a class action complaint in the Superior Court on behalf of itself and all others similarly situation against United Services Automobile Association, USAA General Indemnity Company, USAA Casualty Insurance Company, and Garrison Property and Casualty

Insurance Company (collectively, the "Defendants"). Spine Care's amended complaint asserts causes of action for declaratory relief, breaches of contracts, bad faith breaches of contract, and violations of 21 *Del. C.* §§ 2118 and 2118B. In support of its claims, Spine Care alleges that the Defendants have (i) failed to pay interest as required by statute on overdue Personal Injury Protection ("PIP") claims, (ii) failed to conclude an investigation within the statutory thirty-day deadline and subsequently denied payment on the grounds that PIP limits had been exhausted, and (iii) delayed and underpaid other claims covered under PIP. Spine Care filed a motion for class certification, contending that the Defendants had failed to pay statutory interest under 21 *Del. C.* § 2118B on overdue PIP-related expenses to Spine Care and others in its class. After briefing and oral argument, the Superior Court certified a plaintiff class for the statutory interest claims on June 18, 2020 ("the Opinion").[1] In the course of doing so, the Superior Court found that Spine Care was a member of the class that it sought to certify and represent.[2] The Superior Court denied the Defendants' motion for reargument on August 25, 2020.[3]

---

[1] *Spine Care Delaware, LLC* v. *United States [sic] Auto. Ass'n*, 2020 WL 3564706 (Del. Super. Ct. June 18, 2020).

[2] *Id.* at *6.

[3] *Spine Care Delaware, LLC v. United States [sic] Auto. Ass'n*, 2020 WL 5033049 (Del. Super. Ct. Aug. 25, 2020).

(2)     On September 4, 2020, the Defendants asked the Superior Court to certify an interlocutory appeal from the Opinion under Rule 42. The Defendants maintained that the Opinion decided a substantial issue of material importance,[4] namely the viability of class certification. The Defendants also argued that the following Rule 42(b)(iii) factors weighed in favor of granting interlocutory review: the Opinion involves a question of law resolved for the first time in Delaware;[5] the question of law relates to the construction of a statute, which has not been, but should be, settled by this Court prior to the entry of a final order;[6] considerations of justice warrant interlocutory review;[7] and interlocutory review may terminate the litigation.[8] Spine Care opposed the application.

(3)     On September 16, 2020, the Superior Court denied the Defendants' application for certification of an interlocutory appeal. Although the Superior Court agreed with the Defendants that the Opinion involved a substantial issue of material importance, it concluded that the Rule 42(b)(iii) factors did not weigh in favor of certification of an interlocutory appeal. The Superior Court found that, contrary to the Defendants' contentions, the Opinion neither addressed a question of first

---

[4] Del. Supr. Ct. R. 42(b)(i).

[5] Del. Supr. Ct. R. 42(b)(iii)(A).

[6] Del. Supr. Ct. R. 42(b)(iii)(C).

[7] Del. Supr. Ct. R. 42(b)(iii)(H).

[8] Del. Supr. Ct. R. 42(b)(iii)(G).

impression in Delaware nor involved a novel interpretation of 21 *Del. C.* § 2118 in assessing Spine Care's standing. The Superior Court also noted that interlocutory review would not result in the termination of the underlying litigation because Spine Care had asserted individual, in addition to class-wide, claims against the Defendants. Finding that, at best, the balancing of the Rule 42(b)(iii) factors was uncertain, the Superior Court refused to certify the interlocutory appeal.[9] We agree with the Superior Court's conclusion.

(4) Applications for interlocutory review are addressed to the sound discretion of the Court.[10] Giving due weight to the Superior Court's analysis and in the exercise of our discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[11] interlocutory review would not terminate the litigation,[12] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[13]

---

[9] Del. Supr. Ct. R. 42(b)(iii).

[10] Del. Supr. Ct. R. 42(d)(v).

[11] Del. Supr. Ct. R. 42(b)(ii).

[12] Del. Supr. Ct. R. 42(b)(iii)(G).

[13] Del. Supr. Ct. R. 42(b)(iii).

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice